Good morning. My name is Anne Traum, and I'm appearing on behalf of Mr. Rowell. I'd like to reserve two minutes for rebuttal, and I'll try to keep my eye on the clock. Before I begin, I wanted to make sure that the Court got my 28J letter alerting it to the Court's recent decision in Osborne. Are you aware of that? I don't know. Did you cite the Osborne case to us? Yes, by 28J letter. Right. Did you get that? Yes. Okay. The issue in this case is whether a Certificate of Appeal Ability, or a COA, is required. I think that Osborne very much helps us to answer that question, and the answer is no, because this is not a habeas case. Osborne tells us, or underscores what we know from previous cases also, that the relief requested defines the nature of the lawsuit. Here, what Mr. Rowell is requesting is not release, or not to invalidate his conviction, or to shorten his sentence. The relief he requests is an order compelling the Clark County Public Defender's Office to file an appeal, or a direct appeal, on his behalf. And the way you do that in Nevada is you file a habeas action that effectuates the right to direct appeal. That relief, if granted, would not, in the words of Heck and Dotson, necessarily and inevitably affect the validity of his conviction or sentence. And because it wouldn't, this is not a habeas case. This is kind of an odd posture for the case. Ordinarily, what happens is, habeas petition filed in district court, district court makes a deduction. It's a determination as to whether a hearing is required. If a hearing is required, you get counsel. I mean, the statute provides it. Now, here, this is kind of going around the barn, and I've never seen a case like this. That's right. And I think what you're getting at is that this is similar in the sense, this is similar to Osborne in the sense that he is requesting a process that really is only a process, and that process sets the stage for a habeas action. And at the same time, unlike Osborne, he's actually talking about the habeas-type claims that he would want to bring. But I think the critical point is he's not asking the district court to release him. He's not asking the district court to invalidate his conviction. He's asking for something else. But doesn't — it's rather complicated, because this is — let me tell you what my understanding is. You can tell me if I'm right or wrong. Okay. As I understand it, the State has a process in Nevada where if — essentially, the remedy for ineffective assistance in — on appeal is to appoint counsel and essentially do the appeal over. Is that sort of accurate? Yes. If you — more or less. If you were, by virtue of ineffective assistance, denied a direct appeal, then you bring a habeas action and you assert the claims that should have been brought on direct appeal. And in the framework of a habeas action, they essentially give you a direct appeal. Right. And essentially what he's asking for here is he's saying he was denied that process and he wants the district court to essentially order that. Yes and no. Because I think this sort of starts going into — the case — the seminal case on that in Nevada is Lozada. But I think what's a critical difference here is that he's asking the court to order the Clark County Public Defender's Office to do something. He's not ordering — as in habeas relief, he's not ordering the state court to do anything. He's merely trying to nudge — he wants the order to nudge the Clark County Defender's Office to bring that habeas action asserting the direct appeal right. And so the — if I could just — go ahead. I don't want to cut you off. What I'm trying to understand is this. Does his present claim depend on proving ineffective assistance in the appeal? I think it may. I think that in — what happened in Osborne is that the court — this court dealt with the question, does this go to the door of 1983 action or does it go to the door of a 2254 action? And when it decided that it could go through the door of a 1983 action, this court remanded to allow the action to proceed and then to determine, without saying at all, whether a federally violated — federally protected right had been violated. And so I think that's where we would be in this case. If you decide that no COA is required, then I think the answer is you have to remand for determination as to whether there's any other bar or whether there's a federal right that's been violated. And I think when you get to that question of whether a federal right has been violated, it's possible that you will be looking at almost the exact question as you would be in a habeas case, which is, was there IAC that means that his federal right was violated? Right. And I guess that's what's troubling me, because it's not universally true, I don't think, that the remedy in a habeas case is release. I mean, there are many instances in which somebody brings a procedural case in a case saying, I was denied due process, I wasn't given a competency hearing, I was X, Y, and Z, and in which our order might not be release. It might be go back and do — unless you do X, then you have to release. Right? And I think there's a critical difference here. I mean, one of — this Court has made clear that just because 2254 relief is available, that doesn't mean that it is the exclusive remedy. So he can go through the 1983 door instead. But one of the limitations of going through that door is, per Heck and these other cases, you cannot ask for sort of the ultimate relief, which is to invalidate the conviction or, as would often be the posture, to invalidate the conviction unless there is a retrial within 90 days or a hearing is given. You don't think it matters that in order to make this decision, we may essentially decide whether there was an effective assistance on the appeal, which is the same thing we would decide if he came in to complain about his conviction on the ground, if there was an effective assistance. I don't think that that's a problem because I don't think that 2254 is the exclusive remedy. And so the fact that you might be sort of borrowing a body of law to determine whether the federal right has been violated, I don't think is a problem. But I think, more critically, what this Court is doing today is an important issue, which is that there is no decision on whether that federal right has been violated. There's no habeas decision to review. And the District Court, because it summarily dismissed this case for grounds that I think are a bit confusing, hasn't issued a decision on whether the right has been violated. So I don't think we're at that point. I think if you decide no COA is required, the next step is to either review on the merits of summary dismissal or better, I think, as in Osborne, to remand for that, to allow this matter to proceed. Well, his handwritten pleading says the Defender Office should be compelled by federal court order to file an appeal on my behalf in the state courts by way of petition for writ of habeas corpus, raising direct appeal claims. And then when you get over to the typed portion later on, time and again he talks about alleging my conviction and imprisonment is unlawful. Now, that's the essence of habeas corpus. So what do we do with that? That is the essence of habeas corpus. But the way that he has fled this is to say, I want the Clark County Public Defender's Office to bring these claims. And by the way, I'm attaching these case statements to explain what those claims are. But I don't think that he is asking, but he is not asking the district court to decide those claims in this action. And I think that distinction is the critical one, because it's that request for relief which defines this as not a 2254 case. I'm going to reserve the balance of my time. Thank you very much. Thank you. Good morning, Your Honors. My name is Laura Rehfeldt, and I represent the Clark County Public Defender's Office. In this case, a certificate of appealability is required. We need to distinguish Osborne from the present case. In Osborne, the petitioner was not directly attacking his underlying conviction. He was claiming constitutional violations occurred at a post-conviction level when a state refused access to certain evidence that he wanted retested, tests that weren't currently available or available at the time of his conviction. In the present case, the petitioner is attacking his underlying conviction with core constitutional challenges with respect to ineffectiveness of counsel and, in essence, his guilty plea claims. There's a rule... But in Osborne, counsel in Osborne, certainly his ultimate aim was to attack his conviction. They distinguished in Osborne between a direct attack and kind of a pre-direct attack. This sounds like kind of a pre-direct attack here. I'm not sure it's going to succeed, but it seems to me that you can distinguish that it's very much like Osborne in some aspects. If this... If the relief the petitioner seeks in this case is granted, it would necessarily imply that there's an invalid conviction. If he gets an appeal at this stage, it shows that something went wrong at the state court level. Well, no, but he's... Yes, that he didn't get an appeal, but it doesn't prove that he would prevail on the appeal. That is true. And I don't even think an appeal would be, should be granted in this case. But I'd like to go to Wilkinson v. Dodson, and it addressed the issue that we're currently dealing with right now. In fact, the dissent expressed some concern in that case that challenges to a sentence or an underlying conviction would remove core habeas cases, or core, you know, those cases from core habeas status. And the case of Wilkinson v. Dodson made a distinction between those cases and the other cases such as Osborne and Dodson. And it stated that when there's a case challenging the sentencing, i.e., confinement or imprisonment, as in this case, it seeks the prisoner's release only in the pertinent sense. Explain to me how he's challenging this confinement or conviction. What he is challenging, as I understand it, is a deprivation of counsel on appeal, right? Yes. But he's not asking for his conviction to be overturned as a result. He isn't even asking for the appeal. All he's asking for is the appointment of counsel in order for the lawyer to bring a case, to seek to have an appeal. That's what he says. In other words, it's thrice removed from any direct implication of his conviction. Correct. So how does it fit within HIC? Well, I think that distinction has to be made between challenges to the core underlying conviction and challenges, as in Osborne and in Dodson, where they're dealing with something that's come after the fact while they're in prison or an administrative proceeding or something in Osborne where he's just asking for evidence to have it retested. I think there's a distinction between the two. Well, surely in Osborne, his ultimate aim was to find out that there wasn't a DNM match and that he then would prove his innocence. Here, it's even more removed. He just wants a lawyer. Well, I understand your point, but I think Wilkinson v. Dodson tried to avoid this scenario. Maybe not very well, but I think the attempt is there and they attempted to make sure that core challenges to an underlying conviction were carved out and would remain in habeas status. The other thing that counsel for petitioner mentioned is that you look at the relief requested. And in this case, the petitioner's relief is kind of quirky because he's, in essence, asking for the attorneys he alleged who are ineffective to be appointed to appeal his case. But it, in theory, parallels the rulings granted in other cases where ineffective assistance of counsel is found with respect to failure to file an appeal. And those cases are Lozada v. State and Giebers v. State. There, if ineffective assistance was found, the courts would appoint an attorney to file appeal by petition of habeas corpus raising direct appeal claims. And that's, in essence, what the petitioner wants here. And those were habeas ineffective assistance claims. Those were State court habeases, right? They were. But also in the... They don't tell us much about the federal, the line of federal habeases. If the State decides to call those habeases, that's fine. But it doesn't tell us anything about what's habeas here. In the United States v. Sandoval Lopez, this Court found that if a counsel allegedly failed to file a requested appeal petition and brought a claim of ineffective assistance of counsel, the remedy would be resentencing and an appeal. Additionally, in Evitz v. Lucey, a case cited by the petitioner, the U.S. Supreme Court upheld the district court order ruling that a defendant was denied effective assistance of counsel and the order for release, unless an appeal was reinstated or a defendant was retired was, was taken place. So in those two cases, the federal courts have also held that an appeal could be the remedy and an effective assistance of counsel claims. And also... Counsel, I'm interested in... Let's assume that no call is required. Now, what kind of a showing has to be made in order for us to remand and, say, proceed with an appeal? It would seem that there'd have to be some showing of some kind of merit in his claims. And has he done that? No, Your Honor. He has not. In fact, in order for a COA to be granted, you need to look at the facial allegations of his petition. And there are several issues here. The petitioner provides no legal or factual support for his claims. And this Court in Turner v. Calderon denied COA on certain issues, at least in part, because there was no evidence or legal authority for the claims. Additionally, the petitioner claims that all of his attorneys in his three cases that he's challenging here were ineffective because they did not consult with him regarding a direct appeal. That is not debatable by reasonable jurists as a valid violation of a constitutional right. The United States Supreme Court of Roe v. Flores-Ortigo has rejected a Brightline rule that counsel must always consult with the defendant regarding an appeal and held that the duty to consult is limited to where there's reason to believe a rational defendant would want one. This is also consistent at the State level with the case of State v. Davis, which held the plea memorandum, which was the exact same one in the present case, informs the defendant as to the scope of his right to appeal and a claim that counsel was ineffective for failing to inform of that right lacks merit. Additionally, there's another case I want to bring to your attention that's not cited in my brief. It followed State v. Davis in terms of a chronological order. It came about six months later. It's the case of Thomas v. State at 115 Nevada 148979 Pacific 2nd, 222. And it came, it was from the year 1999. And it states that counsel does not have an absolute duty to inform a defendant  So even if we assume that the petitioner's claim is true, that he was not consulted, which it obviously wasn't, as stated in my brief, he has still failed to state a claim for which relief can be granted. That's foreclosed by law. Additionally, his claim that his attorneys failed to perfect his appeals without his consent is not debatable by jurisdiction as a valid claim because it's foreclosed by law. And I invite you to look at Roe v. Flores-Ortigo, this Court's ruling in United States v. Sendova-Lopez, State v. Davis, and again, Thomas v. State. What does Sendova-Lopez hold? I thought it held that he has an absolute right to an appeal if he asks for one. Pardon me? Does Sendova-Lopez hold that he has an absolute right to an appeal if he directs his attorney to bring one? If he directs his attorney to file an appeal and an appeal is not filed, then it needs to be in that case it was remanded to the Federal District Court level to determine if indeed he requested his attorney file an appeal. Generally speaking, if the cases say that if they request that an appeal be filed and one not be filed, then it's more likely to be defective. What does that case have to do with the question of whether there is an obligation to inform of his right to appeal? Pardon me? What does that case have to do with the question before it? Why does it support you? I don't understand. It analyzes Roe v. Flores v. Ortigo and it indicates that if the facts of that case had been changed a little bit where the defendant did not request an appeal but merely wasn't consented for one not to be filed, then Roe v. Flores v. Ortigo would foreclose that issue. That's consistent with what happened in this case. He has not alleged or claimed that he requested his attorney to file an appeal. He merely stated that he wasn't consulted for an appeal not to be filed, which obviously isn't the case either because if you look at the guilty plea agreements, which are consistent with State v. Davis. Therefore, my position is that he has not facially alleged a claim and a COA, although required, should not be granted. If one were to look at the district court ruling, you would find that it's not debatable. His claims are assessed and whether it's treated as 83 action or habeas action, he has not made a claim for which relief can be granted. Thank you very much. Thank you. We'll give you an extra minute or so because she took some extra time. Here's my question. If one has to establish an effective assistance in order to make out in order to get the relief that he wants, and I gather that he does, is that an effective assistance than preclusive on a res judicata basis in the state court so that it does essentially result in his habeas relief because he is going to the state is going to have no choice once the district federal court decides that there was an effective assistance to so conclude as well? I don't think so. Because I think that I mean, even a federal if you were to look at this back as a habeas case, the federal court would never get to that question if this was legitimately barred by state procedural rules. And it's possible, I think, that state procedural rules could still interfere with ultimate relief in this question. Because what would happen Let me try again to understand it. My understanding is that the state rule is that if there was an effective assistance, they would appoint they would have a lawyer they would appoint a lawyer to bring the appeal and they would have the appeal, right? Right. And if he came into federal court directly on the question of whether there was an effective assistance and asked for that relief, I gather that would be a habeas because that would, right? So why isn't this the same thing in another guise? Because the net result of it is going to be exactly the same. It's going to be a determination of whether there was an effective assistance and the appointment of counsel to get what he would have gotten in this state court and something that would have been habeas in either the state or federal court. It seems like it's a very appealing argument at first but I'm concerned that it sort of collapses on itself. I understand the troubling aspect of it collapsing on itself and I think that that's one reason and I will answer your question I think that's one reason why the procedural posture of this case right now is so important for what this court has to do. The answer is that I think that the federal court finding that the right has been violated is very similar and may, as you're suggesting, be essentially a res judicata effect on the state court. It doesn't and that in itself would be similar to winning a habeas case in federal court because just that order that you get a direct appeal might be is like a victory. It doesn't actually get to the ultimate question of whether he would get he's entitled to relief from the merits. But would you agree that if somebody came directly to federal court on an ineffective assistance on appeal and the relief he asked for was to get the appeal that that would be a habeas even though it doesn't directly and immediately result in release. Is it or isn't it? I think that that's correct. That doesn't necessarily have to be brought as a habeas but it certainly could be and that would be the relief that you would get from the federal court. That's my instinct as well. Although I actually think in Lozada what happened at the end of the day in Lozada from the federal court was the federal court said you haven't given him his direct appeal so we're invalidating the conviction. Now one of the things that my client buys into if he's just filing a 1983 action is that he's not asking for relief and he can't get relief. That relief from the federal court in this action. Well perhaps the proper relief in my hypothetical situation is not ordering the direct appeal but ordering release unless they give him the direct appeal. Correct. And I think it's really then more akin to saying unless you retry this guy he's going to get out under the writ. And that's really not what my client is asking for and particularly at this juncture that's looking way ahead to the merits of the IA to the merits of the question which there's no decision on the merits of the question for this Court to review. That doesn't seem helpful. If we have to decide the question ultimately or if the district courts have to decide the issue then we have to take that into account in making our decision. The question is does that matter? What would happen if it were directly presented to me? I understand. Anyway, thank you very much. Thank you. And I really appreciate both of your arguments. The case of Raul v. Clark County Public Defender Office is submitted.
judges: B. Fletcher, Gibson, Berzon